IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-cv-440-BO

| | |
|---|---|
| CAROLYN LORENE EVANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ANDREW SAUL ) | |
| *Commissioner of Social Security*,[1] ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 18, 21]. The motions have been fully briefed and are ripe for disposition. A hearing on this matter was held at Edenton, North Carolina on August 30, 2019. For the reasons discussed below, plaintiff's motion for judgment on the pleadings [DE 18] is DENIED and defendant's motion [DE 21] is GRANTED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for a period of disability and disability insurance benefits (DIB) under Title II of the Social Security Act. Plaintiff filed her application on December 11, 2013, alleging disability dating back to October 17, 2013. Plaintiff's application was denied both initially and upon reconsideration. A hearing was held before an administrative law judge (ALJ) on May 3, 2017, and then a second hearing was held on August 1, 2017. The ALJ issued a decision on August 14, 2017, finding that plaintiff was not disabled. On July 12, 2018,

---

[1] Saul has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).

the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final administrative decision of the Commissioner.

In September 2018, plaintiff filed the complaint at issue, seeking judicial review of the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). [DE 5]. In February 2019, plaintiff moved for judgment on the pleadings. [DE 18]. Defendant moved for judgment on the pleadings in April 2019. [DE 21]. A hearing was held before the undersigned at Edenton, North Carolina on August 30, 2019. [DE 24].

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

2

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). In making a disability determination, the ALJ engages in a sequential five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson*, 434 F.3d at 653. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments (Listing). *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is included in the Listing or is equivalent to a listed impairment, disability is conclusively presumed. If the claimant's impairment does not meet or equal a listed impairment, then the analysis proceeds to step four, where the claimant's residual functional capacity (RFC) is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and residual functional capacity can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, then the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Here, the analysis ended at step four when the ALJ determined that the plaintiff had the capability to perform her past relevant work, and therefore was not disabled. At issue is whether the ALJ properly concluded at step two that plaintiff's anxiety did not constitute a severe

impairment and whether the ALJ conducted a flawed RFC assessment by failing to include plaintiff's anxiety and visual limitations in the assessment.

In deciding whether a claimant is disabled, an ALJ must always consider the medical opinions in the case record together with the rest of the relevant evidence received. 20 C.F.R. §§ 404.1527(a)(2)(b), 416.927(a)(2)(b).[2] A medical opinion is a statement "from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [she] can still do despite impairment(s), and [her] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). Treating source opinions are entitled to controlling weight if they are "well supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see also Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). Factors that ALJs consider in determining how much weight to afford a medical opinion include (1) the examining relationship, (2) the treatment relationship, (3) the supportability of the opinion, (4) the consistency of the opinion with the record as a whole, (5) the physician's specialization, and (6) other relevant factors. 20 C.F.R. § 404.1527(c).

The Court finds that the ALJ's decision was supported by substantial evidence in the record. Plaintiff first argues that the ALJ erred at step two by failing to find that her anxiety is a severe impairment. Specifically, plaintiff takes issue with how the ALJ credited various

---

[2] In January 2017, the Social Security Administration published final rules titled "Revisions to Rules Regarding the Evaluation of Medical Evidence." 82 Fed. Reg. 5844; *see also* 82 Fed. Reg. 15132 (March 27, 2017) (amending and correcting the final rules published at 82 Fed. Reg. 5844). Because these final rules did not become effective until after plaintiff's claim was filed, they do not apply in this case, and the citations in this order are to the rules in effect at the time of the ALJ's decision.

conclusions of Christopher M. Ricci, Ph.D., a consultative examiner who the plaintiff saw for a psychological evaluation. Plaintiff also challenges the weight afforded by the ALJ to plaintiff's ability to manage her personal affairs with little limitation, including performing daily tasks such as driving a vehicle and interacting with medical professionals.

The evidence in the record supports the ALJ's conclusion and the Court will not re-weigh evidence or substitute its judgment for that of the Commissioner. *Craig*, 76 F.3d at 589. The ALJ's determination was further supported by the opinion of the State agency psychological consultant, Jonathan Mayhew, Ph.D., who concluded that plaintiff's mental impairments resulted in only minor limitations. [Tr. 14]. Dr. Mayhew's opinion was affirmed on reconsideration by Lori Brandon Souther, Ph.D. Because the ALJ's finding regarding plaintiff's anxiety is supported by substantial evidence and there was no reversible legal error, the decision must be affirmed.

Plaintiff's second argument is that the ALJ erred by not incorporating plaintiff's alleged anxiety and visual acuity limitations into the RFC assessment, and as a consequence, improperly determined that plaintiff was capable of performing her past relevant work as either a sales clerk or an assembler of plastic hospital products. But to include them in the RFC assessment, the ALJ would have needed to determine that plaintiff indeed had those limitations. As discussed above, substantial evidence supports the ALJ's decision that plaintiff's mental impairments are non-severe. Similarly, the ALJ's determination that the plaintiff does not have a visual limitation is supported by the record. The ALJ found no evidence of medical treatment for vision, and noted that in June 2017, plaintiff denied any loss in vision, diplopia, redness, drainage, floaters, or eye pain. [Tr. 17, 22]. Plaintiff was also given a new eyeglasses prescription in June 2017. [Tr. 22]. And although plaintiff does have cataracts, the record shows that they are mild. Considering the record, the ALJ determined that there were no visual or mental impairments, and therefore, was

not required to include the alleged impairments in the RFC assessment and VE questioning. Because the ALJ's determination is supported by substantial evidence and there was no reversible legal error, the decision must be affirmed.

## CONCLUSION

Having conducted a full review of the record and the decision in this matter, the Court finds that the decision as a whole is supported by substantial evidence and that the correct legal standard was applied. Accordingly, plaintiff's motion for judgment on the pleadings [DE 18] is DENIED and defendant's motion [DE 21] is GRANTED. The Commissioner's decision is AFFIRMED.

SO ORDERED, this __9__ day of September, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE